Chen v. Holder

BIA
Poczter, IJ
A200 940 766

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of September, two thousand fourteen.

PRESENT:
RALPH K. WINTER,
DENNY CHIN,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

_____

MIAO CHEN,
*Petitioner,*

v.                                        13-4023
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:        Miao Chen, *Pro Se*, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; Cindy Ferrier, Assistant
                       Director; Jessica E. Sherman, Trial
                       Attorney, Office of Immigration
                       Litigation, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Miao Chen, a native and citizen of China, seeks review of a September 30, 2013 order of the BIA, affirming, without opinion, the April 12, 2012 decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Miao Chen*, No. A200 940 766 (B.I.A. Sept. 30, 2013), *aff'g* No. A200 940 766 (Immig. Ct. New York City Apr. 12, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

I. Credibility Determination

For applications such as Chen's, which are governed by the REAL ID Act, the agency may base a credibility finding

2

on an applicant's demeanor, the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Initially, the IJ found significant Chen that testified inconsistently with her parents' letter about whether she returned home after her near arrest, because Chen's near arrest and its aftermath were the purported reasons for her decision to flee China. Chen does not challenge this finding.

Contrary to Chen's assertions, the IJ properly relied on the omission of Chen's arrest warrant from her parents' letter. Chen argues that the IJ mischaracterized this as an inconsistency where it is clear that it was an omission; however, "[a]n inconsistency and an omission are . . . functionally equivalent." *Xiu Xia Lin*, 534 F.3d at 166. Chen also contends that she adequately explained the omission by stating that her parents are not educated, but

3

the IJ was not required to credit an explanation that is not necessarily compelling to a reasonable fact-finder.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The IJ's adverse credibility determination was also properly based, in part, on Chen's credible fear interview. When discrepancies arise from an applicant's statements in a credible fear interview, we will closely examine the interview report to ensure that it represents a "sufficiently accurate record" to merit consideration in determining whether the applicant is credible.  *Ming Zhang v. Holder*, 585 F.3d 715, 723-25 (2d Cir. 2009).  *In Ming Zhang*, we found that a credible fear interview bore sufficient indicia of reliability because: (1) "the proceeding was memorialized in a typewritten document setting forth the questions . . . [and] responses"; (2) "the interview was conducted with the aid of a[n] interpreter and [the applicant did] not contend that she did not understand the questions presented"; (3) "the interviewing officer explained the purpose of the interview, the importance of providing full and accurate testimony, and the fact that [the applicant] could ask for clarification at any point during the proceedings"; and (4) the applicant "was asked

4

questions that were 'clearly designed to elicit a potential basis for an asylum claim.'"  585 F.3d at 725 (quoting *Ramsameachire v. Ashcroft*, 357 F.3d 169, 180 (2d Cir. 2004)).  The IJ explicitly considered these factors on the record and found that Chen's credible fear interview bore sufficient indicia of reliability; that determination was not erroneous.

Moreover, the IJ did not err in finding that Chen initially denied having applied for a visa during her credible fear interview before being told that the application was in her file.  Chen contends that the IJ misconstrued the interview transcript because she was asked whether *she* had applied for a visa and not whether a visa application had been filed on her behalf; however, "support for a contrary inference—even one more plausible or more natural—does not suggest error." *Siewe v. Gonzalez*, 480 F.3d 160, 168 (2d Cir. 2007).  Because the IJ's inference "is tethered to the evidentiary record, we will accord deference to the finding." *Id.* at 168-69.  Indeed, the IJ observed that Chen gathered documents on more than one occasion, filled out at least some of the necessary forms, and went to an interview at the U.S. Consulate in China in hopes of obtaining a visa.  In addition, Chen does not

contest the IJ's finding that she testified inconsistently with her credible fear interview about whether she spoke to her parents after her near arrest and whether they knew she was Catholic.

Based on the foregoing, we find that the IJ's adverse credibility determination is supported by substantial evidence because it cannot be said "that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. The agency therefore did not err in denying asylum, withholding of removal, and CAT relief because all three claims shared the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

Chen's assertion that the IJ erred by failing to separately assess her risk of future persecution on the basis of her status as a practicing Christian is incorrect. In *Paul*, we found that the agency's determination that an alien was not credible as to claims of past persecution did not preclude the alien from demonstrating a well-founded fear of future persecution based on objective evidence, where the applicant had independently established that he was, in fact, a practicing Christian. 444 F.3d at 155-57.

6

Unlike *Paul*, however, all of Chen's claims were dependent upon her credibility because there was no separate determination that she was a practicing Catholic.

II.  Due Process

As a general rule, "[p]arties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008).  "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal quotation marks omitted).

Chen argues that she was denied due process because: the IJ prevented her priest from testifying; her counsel was not given sufficient time to rebut the I-130 visa petition proffered at her hearing; and the BIA affirmed the IJ's decision without opinion.  Her arguments are meritless.  The IJ did not prevent Chen's priest from testifying; Chen's attorney agreed to taking the priest's written submission as evidence.  In addition, Chen's counsel did not object to the government's introduction of the I-130 petition into evidence and stated that she had enough time to review the submission.  Lastly, the BIA's affirmance of the IJ's

decision, without opinion, was not a denial of due process. *See Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 160 (2d Cir. 2004).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk